**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**STACY TRIPLETT** **PLAINTIFF**

**V.** **CIVIL ACTION NO. 2:14-CV-66-KS-MTP**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, *et al.*** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, the Court finds that Defendant Southern Hens, Inc. was improperly joined, and Plaintiff's claims against it are **dismissed without prejudice.** The Court **denies** Plaintiff's Motion to Remand [9], and **denies as moot** Defendant Southern Hens, Inc.'s Motion to Dismiss [15].

## I. BACKGROUND

This is a worker's compensation insurance dispute. Plaintiff was an employee of Defendant Southern Hens, Inc. In September 2012, one of her coworkers fell into an uncovered auger, suffering severe injuries. Plaintiff witnessed the accident and comforted the victim for over an hour until he died. After the incident, Plaintiff attempted to return to work, but was unable to do so because of emotional trauma. She sought treatment, and a health care professional deemed her unable to return to work and prescribed medication and counseling.

Plaintiff's employer, Southern Hens, had a worker's compensation insurance policy in place at the time of Plaintiff's injury. The policy was issued by Defendant Liberty Mutual Fire Insurance Company. In October 2012, Plaintiff submitted a "disability form" to Southern Hens, but Plaintiff claims that Defendants delayed her

claim for worker's compensation benefits.

In July 2013, Plaintiff filed a petition with the Mississippi Workers' Compensation Commission. In October 2013, the ALJ granted Plaintiff's Motion to Compel payment of benefits, and ordered the payment of worker's compensation benefits to Plaintiff until she reached maximum medical improvement. Plaintiff claims, though, that Defendants ceased payment of benefits less than four weeks after the ALJ's order. Plaintiff filed motions with the Commission seeking enforcement of the ALJ's order, but she did not allege the outcome of those motions. Likewise, it is not clear from Plaintiff's Complaint when or if the worker's compensation payments ever resumed.

Plaintiff filed her Complaint [1-2] in the Circuit Court of Jones County, Mississippi, on April 9, 2014. She claims that Defendants delayed and denied her claim for worker's compensation benefits in bad faith, and that they were grossly negligent in their investigation of Plaintiff's claim. She seeks compensatory damages for past, present, and future mental injuries; past and future medical expenses; and punitive damages.

Defendants removed the case on May 13, 2014, arguing that Defendant Southern Hens, Inc. was improperly joined. Plaintiff filed a Motion to Remand [9], which is ripe for review.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State*

*Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction, 28 U.S.C. § 1441(a), and it has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a).

For diversity jurisdiction, the parties must be completely diverse. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* Here, the parties are not completely diverse because both Plaintiff and Defendant Southern Hens, Inc. are citizens of Mississippi. Defendants contend that Southern Hens was improperly joined.

### *A. Improper Joinder Standard*

There are two ways to prove improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cen. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 817-18 (S.D. Miss. 2002). Only the second prong is relevant here. Under that test, the Court must determine "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the . . . court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. "This means that there must be a reasonable possibility of recovery, not merely

a theoretical one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

The Fifth Circuit established a procedure for district courts to address improper joinder arguments. *See, e.g. Smallwood*, 385 F.3d at 573; *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 401-02 (5th Cir. 2013). First, the Court looks "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573. "However, where a complaint states a claim that satisfies 12(b)(6), but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Mumfrey*, 719 F.3d at 401 (quoting *Smallwood*, 385 F.3d at 573). "The purpose of the inquiry is limited to identifying the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* "In conducting this inquiry, the court must also take into account all unchallenged factual allegations, including those in the complaint, in the light most favorable to the plaintiff. In addition, the Court must resolve all ambiguities of state law in favor of the non-removing party." *Campbell*, 509 F.3d at 669.

Ultimately, "[t]he burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). Because federal courts have limited jurisdiction and removal raises significant federalism concerns, "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251

(5th Cir. 2008).

***B. Bad Faith Claims Against Employers***

The Mississippi's Workers' Compensation Act requires that "[e]very employer . . . secure the payment to his employees of the compensation payable under its provisions." MISS. CODE ANN. § 71-3-7(5). An employer may comply with this requirement by having "in effect an insurance policy complying with the" statute. *Taylor v. Crosby Forest Prods. Co.*, 198 So. 2d 809, 811 (Miss. 1967); *see also* MISS. CODE ANN. § 71-3-75(1). "[O]nce an employer secures payment of workers' compensation by purchasing insurance, the employee's claims are thereafter to be processed by the insurer and paid directly to the employee or his medical provider." *Toney v. Lowery Woodyards*, 278 F. Supp. 2d 786, 792 (S.D. Miss. 2003) (citing MISS. CODE ANN. § 71-3-77(1)). "The duty of the carrier to pay benefits is owed by the carrier to the injured employee." *Rogers v. Hartford Accid. & Indem. Co.*, 133 F.3d 309, 313 (5th Cir. 1998). Therefore, "even though an employer and its carrier may be joint defendants in a workers' compensation claim under the Mississippi Workers' Compensation [Act], an employer is not liable for the alleged bad faith of the carrier in handling the claim." *Palmer v. Liberty Mutual Ins. Co.*, No. 2:10-CV-73-KS-MTP, 2010 WL 2773381, at *4 (S.D. Miss. July13, 2010) (citing multiple decisions).

An employee may, however, bring a "bad faith refusal action" and recover workers' compensation benefits from an employer for its own bad faith handling of a workers' compensation claim. *Luckett v. Mississippi Wood, Inc.*, 481 So. 2d 288, 290 (Miss. 1985); *see also Leathers v. Aetna Cas. & Surety Co.*, 500 So. 2d 451, 452-53 (Miss.

1986). To hold an employer liable for bad faith refusal to pay a claim, a plaintiff must "prove his claim" that the employer itself acted in bad faith. *Luckett*, 481 So. 2d at 290. "To prove his claim against the employer, the employee would have to show, as he would to prove a claim against the carrier, that there has been '(1) an intentional refusal by the [employer] to pay with reasonable promptness the insured's claim; and, (2) the absence of any arguable reason for the defendant's refusal to pay with reasonable promptness.'" *Toney*, 278 F. Supp. 2d at 793-94 (quoting *Blakeney v. Georgia Pac. Corp.*, 151 F. Supp. 2d 736, 741 (S.D. Miss. 2001)) (alteration original). The plaintiff must demonstrate that his employer "actively participated in the acts alleged to constitute . . . bad faith." *Id.* at 794. The employer's actions must be severe enough to constitute "a willful and intentional or malicious wrong," *Rogers*, 133 F.3d at 312 (citing *S. Farm Bureau Cas. Ins. v. Holland*, 469 So. 2d 55, 58-59 (Miss. 1984); *Leathers*, 500 So. 2d at 452-53; *Luckett*, 481 So. 2d at 289-90), or an "independent intentional tort." *Williams v. Liberty Mutual Ins. Co.*, 741 F.3d 617, 621 (5th Cir. 2014) (citing *Holland*, 469 So. 2d at 56-59).

### *C. Rule 12(b)(6) Analysis*

As explained above, the Court must first determine whether Plaintiff's "complaint states a claim that satisfies 12(b)(6) . . . ." *Mumfrey*, 719 F.3d at 401. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be

enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

Southern Hens can not be liable for Liberty Mutual's delay or denial of Plaintiff's claim unless it "actively participated in the acts alleged to constitute . . . bad faith," *Toney*, 278 F. Supp. 2d at 793-94, committed its own "willful and intentional or malicious wrong," *Rogers*, 133 F.3d at 312, or committed an "independent intentional tort." *Williams*, 741 F.3d at 621. Plaintiff failed to allege any specific facts demonstrating that Southern Hens committed such actions. She generally alleged that both Defendants failed to timely pay her claim without any evidence to dispute the injury or the advice of her health care providers, but she failed to distinguish the actions of her employer from those of its insurer. In short, she provided no specific factual allegations demonstrating that Southern Hens actively participated in Liberty Mutual's handling of her claim, or that it committed an independent intentional tort which would expose it to bad faith liability.

The Court concludes, therefore, that Plaintiff failed to state a plausible claim

against Defendant Southern Hens, Inc. As her claims against Southern Hens can not survive a Rule 12(b)(6) analysis, the Court declines to pierce the pleadings and consider Plaintiff's evidence. *See Mumfrey*, 719 F.3d at 401 (where a plaintiff states a claim under 12(b)(6), the court may pierce the pleadings); *Smallwood*, 385 F.3d at 573.[1] Accordingly, the Court finds that Defendant Southern Hens, Inc. was improperly joined.

## III. CONCLUSION

For the reasons stated above, the Court finds that Defendant Southern Hens, Inc. was improperly joined, and Plaintiff's claims against it are **dismissed without prejudice.** The Court **denies** Plaintiff's Motion to Remand [9], and **denies as moot** Defendant Southern Hens, Inc.'s Motion to Dismiss [15]. The attorneys for the parties are directed to contact the chambers of Magistrate Judge Mike Parker within ten days of the date of this order to schedule a Case Management Conference.

SO ORDERED AND ADJUDGED this 27th day of August, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

[1]Piercing the pleadings would not change the result. Plaintiff's evidence demonstrates that Southern Hens had notice of her alleged injury, but it does not demonstrate that Southern Hens "actively participated in the acts alleged to constitute . . . bad faith," *Toney*, 278 F. Supp. 2d at 793-94, committed its own "willful and intentional or malicious wrong," *Rogers*, 133 F.3d at 312, or committed an "independent intentional tort." *Williams*, 741 F.3d at 621. Plaintiff's counsel included other unsworn assertions and representations in briefing, but they are not evidence.