IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STACY TRIPLETT**                                                                               **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO. 2:14-CV-66-KS-MTP**

**LIBERTY MUTUAL FIRE INSURANCE
COMPANY,** *et al.*                                                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion for Summary Judgment [59].

### I. BACKGROUND

Plaintiff was an employee of Southern Hens, Inc., at a poultry plant in Jones County, Mississippi. On September 10, 2012, one of Plaintiff's coworkers was pulled into a piece of machinery. Plaintiff watched the incident and supported the victim's mutilated body until he died. Plaintiff did not return to work after the accident, claiming to have suffered traumatic emotional injury.

Although Plaintiff's employer knew of her alleged injury in September 2012, it apparently failed to submit a claim for benefits to its workers' compensation insurer. Plaintiff also failed to submit a claim for benefits. The insurer, Defendant Liberty Mutual Fire Insurance Company, did not receive actual notice of the injury until Plaintiff filed a Petition to Controvert with the Mississippi Workers' Compensation Commission ("MWCC") on July 25, 2013.[1] After Plaintiff filed the petition, Defendant

---

[1] In briefing, Plaintiff asserted that an investigator hired by Defendant interviewed her in March 2013, but she failed to attach any evidence in support of

began investigating the claim.

On October 4, 2013, in a telephonic hearing before the MWCC, Defendant agreed that Plaintiff's claim was covered and received a calculation of temporary total disability benefits, interest, and penalties from the MWCC. On October 16, 2013, Defendant issued the first checks to Plaintiff, in the amounts of $18,843.84 (back wages), $1,818.02 (penalties), and $823.88 (interest).

On October 17, 2013, the Workers' Compensation Commission entered an Order [64-6] finding that Plaintiff had been temporarily totally disabled since September 10, 2012. It ordered Southern Hens and Defendant to immediately pay total disability benefits from September 10, 2012, until she reached maximum medical improvement, medical services and supplies required by the nature of her injury, interest, and the 10% penalty on any untimely paid installments as required by MISS. CODE ANN. § 71-3-37(b).

---

this assertion. In fact, Plaintiff's brief [64] is replete with factual assertions unsupported by record evidence.

Rule 56 specifically provides that a party opposing summary judgment must support their argument by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." FED. R. CIV. P. 56(c)(1)(A). In other words, "[t]o withstand a properly supported motion for summary judgment, the nonmoving party must come forward with evidence to support the essential elements of [her] claim on which [she] bears the burden of proof at trial." *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 712 (5th Cir. 1994). "[U]nsubstantiated assertions . . . do not adequately substitute for specific facts showing a genuine issue for trial," *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002), and a plaintiff can not rest on the allegations of her complaint. *Nat'l Ass'n*, 40 F.3d at 713.

Defendant continued to manage Plaintiff's claim and issue biweekly checks. It contacted medical service providers regarding potential treatment options and referred the claim to a third party for a determination of whether Plaintiff had reached maximum medical improvement. In early December 2013, Defendant discovered that Plaintiff's address had been inputted incorrectly and that she had not received a couple of payments. It corrected the error and reissued the checks. Finally, on June 11, 2014, Plaintiff and Defendant agreed to a compromise settlement of her workers' compensation claim.

Plaintiff subsequently filed this lawsuit. She alleges that Defendant denied and delayed payment of her claim in bad faith. She seeks punitive and extra-contractual damages.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding

3

whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver*, 276 F.3d at 744.

### A.   Bad Faith – Failure to Pay Benefits

In her Complaint, Plaintiff claimed that Defendant failed to pay her benefits owed under the policy. "[T]he insured has the burden of establishing a claim for bad faith denial of an insurance claim," and she "must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of the insured's rights." *United States Fid. & Guar. Co. v. Wigginton*, 964 F.2d 487, 492 (5th Cir. 1992); *see also Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 628 (5th Cir. 2008); *Essinger v. Liberty Mut. Fire Ins. Co.*, 529 F.3d 264, 271 (5th Cir. 2008); *Jenkins v. Ohio Cas. Ins. Co.*, 794 So. 2d 228, 233 (Miss. 2001). Both elements are "questions of law to be decided by the trial judge." *Jenkins*, 794 So. 2d at 233.

Although Plaintiff pleaded that Defendant denied her claim for benefits, she provided no evidence indicating that Defendant denied her claim. In fact, it appears to be undisputed that Defendant paid the claim in full, and that Plaintiff agreed to a full settlement [59-6] of her claim for workers' compensation benefits. Therefore, to the extent Plaintiff asserted a claim for bad faith denial of payment, the Court grants

Defendant's motion for summary judgment as to that claim.

## B.   *Bad Faith – Delay of Payment*

Plaintiff also claims that Defendant delayed payment of her claim in bad faith. A bad faith claim may arise from an insurer's delay of payment on a claim. *See James v. State Farm Mut. Auto. Ins. Co.*, 743 F.3d 65, 69 (5th Cir. 2014). To establish a bad faith delay claim, a plaintiff must prove that 1) the insurer was contractually obligated to pay the claim, 2) it "lacked an arguable or legitimate basis for its delay in paying" the claim, and 3) the delay "resulted from an intentional wrong, insult, or abuse as well as from such gross negligence as constitutes an intentional tort." *Id.* at 70. Only the second and third elements are disputed.

### 1.   *Arguable Reason for Delay*

"[W]hether an insurer possessed an arguable or legitimate reason is a question of law. Arguable reason is defined as nothing more than an expression indicating the act or acts of the alleged tortfeasor do not rise to the heightened level of an independent tort." *Id.* The insurer bears the initial burden of demonstrating "that it had reasonable justifications, either in fact or in law, for its actions. Once an insurance company articulates an arguable or legitimate reason for its payment delay, the insured bears the burden of demonstrating that the insurer had no arguable reason." *Id.* The Court looks at the "totality of the circumstances to determine whether [Defendant] had an arguable or legitimate basis for its delay." *Id.* at 72. "[T]o better assess the claims," the Court should "analyze the investigation in discrete time periods . . . ." *Id.* Here, events are most readily separated into two time periods: 1) from the

date of injury in September 2012 through Plaintiff's filing of a petition with the MWCC in July 2013; and 2) from the filing of Plaintiff's petition with the MWCC through the parties' compromise settlement in June 2014.

### a.     September 2012 to July 2013

The only reason Defendant articulated for its failure to investigate or pay Plaintiff's claim during the initial time period between September 2012 and July 25, 2013, is its lack of actual notice of her injury. "[W]hen an employer has knowledge of an employee's injury formal notice is not needed to trigger the obligation to provide benefits, and this knowledge is, in turn, imputed to the carrier without any formal notification to the carrier." *Rogers v. Hartford Accident & Indem. Co.*, 133 F.3d 309, 313 (5th Cir. 1998) (citing MISS. CODE ANN. §§ 71-3-35(1), 71-3-77(2)(a)) (citations and punctuation omitted). "When a carrier knows of an insured's employee's injury, and the insured does not controvert the injury, the carrier has a duty to begin paying benefits directly to the injured employee." *Id.* (citations and punctuation omitted).[2]

The record contains evidence that Plaintiff's employer was aware of her injury in September 2012. Plaintiff testified [65-1] that she discussed her claim for workers' compensation benefits with Laquanda Barnes, a representative of Southern Hens, before she sought medical treatment on September 21, 2012. Plaintiff's employer's

---

[2]Defendant cites *Pilate v. Am. Federated Ins. Co.*, 865 So. 2d 387, 395 (Miss. Ct. App. 2004), arguing that an employer's knowledge is not imputed to the worker's compensation insurer for purposes of determining whether the insurer committed an intentional tort. The Fifth Circuit's decision in *Rogers*, 133 F.3d at 313-15, counsels otherwise.

knowledge of her injury is imputed to Defendant. *Rogers*, 133 F.3d at 313. Therefore, Defendant had constructive notice of Plaintiff's injury as early as September 2012, but it did not begin investigating her claim until July 25, 2013 – over ten months later. It did not pay the claim until October 16, 2013 – approximately thirteen months later. Accordingly, the Court concludes that Defendant failed to provide any arguable reason for delaying the investigation and payment of Plaintiff's claim from September 2012 until July 25, 2013.

### b.     July 2013 to June 2014

After Defendant received actual notice of Plaintiff's claim on July 25, 2013, it promptly began an investigation. "Mississippi places a duty on insurers to properly investigate the claims asserted by their insured." *James*, 743 F.3d at 71. Therefore, "conducting a prompt and adequate investigation provides a legitimate basis for a payment delay." *Id.* Even if "hindsight reveals the investigation to have been fruitless," that is not enough to prove that it "proceeded in bad faith." *McLendon v. Wal-Mart Stores, Inc.*, 521 F. Supp. 2d 561, 567 (S.D. Miss. 2007). Defendant's affidavit and claim file [59-1] demonstrate that Defendant was actively investigating Plaintiff's claim from July 25, 2013, until it decided to pay it on October 4, 2013. Plaintiff did not provide any evidence to create a factual dispute on this issue. Therefore, the Court concludes that Defendant had a legitimate and arguable basis for delaying payment of Plaintiff's claim from July 25, 2013, until October 2013. *See Caldwell v. Alfa Ins. Co.*, 686 So. 2d 1092, 1099 (Miss. 1996) (where claim was delayed for investigation of claim that ultimately resulted in full payment, no bad faith).

*2.    Intentional Tort*

To prove a bad faith claim, Plaintiff must also present evidence of an "intentional wrong, insult, or abuse[, or] such gross negligence as constitutes an intentional tort." *James*, 743 F.3d at 70. The record contains no evidence that Defendant engaged in the sort of malicious behavior required to satisfy this requirement.

First, Defendant's delay of the investigation during the period of time before it received actual notice of Plaintiff's injury – from September 2012 to July 2013 – is not sufficient to meet the intentional tort requirement. It is undisputed that Defendant did not have actual knowledge of Plaintiff's injury. The third element of a bad faith claim requires willful, intentional, or malicious conduct. *Id.* Although Mississippi courts have found that delaying investigation and payment of a claim can satisfy the intentional tort element of a bad faith claim, they have only done so in cases where an insurer received actual notice of the injury yet failed to investigate or issue a payment. *See, e.g. Willis v. Allstate Ins. Co.*, No. 2:13-CV-60-KS-MTP, 2014 U.S. Dist. LEXIS 155004, at *39-*40 (S.D. Miss. Oct. 31, 2014); *Travelers Indem. Co. v. Wetherbee*, 368 So. 2d 829, 834-35 (Miss. 1979); *Amfed Cos., LLC v. Jordan*, 34 So. 3d 1177, 1185 (Miss. Ct. App. 2009). Plaintiff has not cited any case in which a Mississippi Court has found that an insurer committed an intentional tort by not investigating or paying a claim of which it had no actual knowledge.[3]

---

[3] Although the Fifth Circuit has found that a workers' compensation insurer's imputed knowledge is sufficient to meet the "no arguable basis" element of a bad

Next, Plaintiff alleges – without any supporting evidence – that Defendant "withheld any further . . . payments" less than one month after their initial payment. The record evidence indicates that Defendant inadvertently sent two checks to an incorrect address, and that it promptly corrected the error. Plaintiff testified [59-5] that only two payments were delayed because of the address error. Her counsel admitted at deposition that Defendant made good on those checks, and that there were no further problems. These facts are not sufficient to support a bad faith claim. *See Guy v Commonwealth Life Ins. Co.*, 894 F.2d 1407, 1413 (5th Cir. 1990) (clerical mistakes and mere negligence do not constitute bad faith); *Casey v. Liberty Mut. Ins. Co.*, 308 F. App'x 743, 746-47 (5th Cir. 2009) (negligence, without more, is not bad faith); *Windmon v. Marshall*, 926 So. 2d 867, 873-74 (Miss. 2006) (simple negligence is not sufficient to support a bad faith claim).

Finally, Plaintiff alleges that Defendant sent an investigator to her home on March 29, 2014, after she had retained counsel. Plaintiff argues that this action constituted bad faith. However, she cited no legal authority in support of this argument. Likewise, she provided no evidence of what the investigator allegedly did or said, or that his visit harmed her in any way. Accordingly, the Court finds that she has not carried her burden of proving that this event satisfies the "intentional tort"

---

faith claim, it has not held such imputed knowledge sufficient to meet the "intentional tort" element. *See Rogers*, 133 F.3d at 313. In fact, in *Rogers*, it remanded the case to the district court for further findings on that issue, *id.* at 315, and found that "proof of an *intentional* tort is required to circumvent the exclusive remedies available under the Mississippi Workers' Compensation Law." *Id.* at 312 n. 6 (emphasis added).

9

element of a bad faith claim.[4]

## C. *Res Judicata*

Plaintiff argues that the Order [64-6] entered by the MWCC is res judicata of the issues raised in this lawsuit, and that Defendant can not assert any defense herein. "Res judicata is a doctrine of claim preclusion. When a court of competent jurisdiction adjudicates – that is, enters a final judgment on the merits of an action – the parties or their privies are precluded from re-litigating claims that were decided or could have been raised in that action." *Derr v. Swarek*, 766 F.3d 430, 440 (5th Cir. 2014). For the doctrine to apply, "four identities . . . must be present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made." *Id.* (citing *Harrison v. Chandler-Sampson Ins., Inc.*, 892 So. 2d 224, 232 (Miss. 2005)). All four elements must be present. *Id.*

Res judicata is not applicable because the subject matter of this action is different from the subject matter of the hearing before the MWCC. This is not a suit for worker's compensation benefits. Defendant already paid Plaintiff's claim for benefits. Rather, this is a bad faith suit for extra-contractual damages. Bad faith is "an independent tort separable in both law and fact from" a contract claim under the terms

---

[4]The Court also notes that Plaintiff failed to present any admissible evidence that an investigator visited her. In support of this argument, she provided a letter from her attorney [64-5] to opposing counsel advising that Plaintiff told him that an investigator visited her. When presented by Plaintiff for the purpose of proving that such an event occurred, this representation is inadmissible hearsay. FED. R. EVID. 801(c).

of an insurance policy. *James*, 743 F.3d at 65. The Order [64-6] entered by the MWCC does not address bad faith, intentional torts, or any form of extra-contractual damages, and the parties' settlement and release of the workers' compensation claim [59-6] specifically excludes the claims asserted in this matter. Therefore, the subject matter of this case is different than that of the hearing before the MWCC, and res judicata does not apply.

### D.     *Punitive Damages*

Under Mississippi law, "[p]unitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. § 11-1-65(1)(a). Therefore, to recover punitive damages, Plaintiff must show that Defendant delayed her claim "with malice or gross negligence in disregard of the insured's rights." *Broussard*, 523 F.3d at 628. Furthermore, "the Mississippi Supreme Court has been extremely reluctant to allow punitive damages in cases where the insurer did not deny coverage, but only disputed the amount of the claim or delayed payment," *Caldwell*, 686 So. 2d at 1099 (quoting *Tutor v. Ranger Ins. Co.*, 804 F.2d 1395, 1399 (5th Cir. 1986)), and the Fifth Circuit has held that "proof of an intentional tort is required to circumvent the exclusive remedies available under the Mississippi Workers' Compensation Law," and "[a]llegations sounding in negligence are inadequate." *Rogers*, 133 F.3d at 312 n. 6.

As noted above, Plaintiff failed to provide any evidence that Defendant acted

with "actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. § 11-1-65(1)(a). Likewise, she failed to provide any evidence that Defendant committed an "intentional wrong, insult, or abuse[, or] such gross negligence as constitutes an intentional tort." *James*, 743 F.3d at 70. Therefore, she may not recover punitive damages.

### E.   *Extra-Contractual Damages*

"Insurers who are not liable for punitive damages may nonetheless be liable for consequential . . . damages (e.g., reasonable attorney fees, court costs, and other economic losses) where their [conduct] is without a reasonably arguable basis but does not otherwise rise to the level of an independent tort." *Broussard*, 523 F.3d at 628. However, a plaintiff must provide sufficient evidence to support the various types of extra-contractual damages. *See, e.g. Reece v. State Farm Fire & Cas. Co.*, 684 F. Supp. 140, 151-52 (S.D. Miss. 1987) (extra-contractual claim for emotional damages must be supported by evidence); *Wms Indus. v. Fed. Ins. Co.*, No. 1:06-CV-977-LG-JMR, 2009 U.S. Dist. LEXIS 68678, at *32 (S.D. Miss. Aug. 4, 2009) (where there was no evidence from which a finder of fact could reasonably extrapolate extra-contractual damages, plaintiff failed to meet burden of proof on that issue); *Coastal Hardware & Rental Co., LLC v. Certain Underwriters at Lloyd's, London*, 120 So. 3d 1017, 1020 (Miss. Ct. App. 2013) (trial court properly directed verdict on extra-contractual damages where there was no evidence presented).

Here, Plaintiff demanded compensation for mental anxiety, expenses incurred

because of the delay of payment on her claim, and "such other damages as may be shown and proved at trial." Defendant argues that Plaintiff failed to present any evidence of these damages. Defendant is correct; the record contains no evidence to support an award of such damages. Accordingly, the Court grants Defendant's motion for summary as to Plaintiff's claims for extra-contractual damages.

### F. Gross Negligence

Plaintiff's gross negligence claim appears to arise from the same facts underlying her bad faith claim. This Court has previously held that such claims are subsumed by the parallel bad faith claim. *Willis*, 2014 U.S. Dist. LEXIS 155004 at *43-*44. Furthermore, the Fifth Circuit has held that "proof of an intentional tort is required to circumvent the exclusive remedies available under the Mississippi Workers' Compensation Law," and "[a]llegations sounding in negligence are inadequate." *Rogers*, 133 F.3d at 312 n. 6. Regardless, for the same reasons provided above in the discussion of Plaintiff's bad faith claim, the Court finds that Plaintiff failed to provide any evidence of gross negligence.

### III. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion for Summary Judgment [59]. The Court will enter a Final Judgment consistent with this opinion.

SO ORDERED AND ADJUDGED this 13th day of August, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE